GLD-015                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3731
_____

IN RE:  LARRY W. RADER,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 09-cv-00340)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 14, 2011
Before:  FUENTES, GREENAWAY, JR., and STAPLETON, <u>Circuit Judges</u>

(Opinion filed: November 8, 2011 )
_____

OPINION
_____

PER CURIAM

Larry Rader, proceeding <u>pro se</u>, has filed a petition for a writ of mandamus seeking

review of an order denying his motion for disqualification of the District Judge presiding

over his civil proceedings in the United States District Court for the District of Delaware.

For the reasons that follow, we will deny the mandamus petition.

Rader filed three related lawsuits in District Court against ShareBuilder Securities

Corporation and other defendants for alleged tortious conduct in connection with his

efforts to open and use an on-line stock trading account.  United States Magistrate Judge

Leonard Stark recommended that the District Court grant judgment in favor of the defendants on Rader's claims in all three cases. Rader v. ING Bank fsb, et al., 2010 WL 1403962, at *1 (D. Del. Apr. 7, 2010) (unpublished decision). The District Court adopted the Magistrate Judge's report and recommendation. ShareBuilder's counterclaim against Rader for legal fees remained pending. Magistrate Judge Stark was then appointed to the position of District Judge and Rader's cases were reassigned to him.

On September 30, 2011, the District Court issued a final judgment in favor of ShareBuilder. The District Court decided that Rader is liable under the agreement entered into by the parties for ShareBuilder's legal fees and costs. The District Court determined that ShareBuilder should be awarded $366,041.87 for the Rader actions through May 2, 2011, and a supplemental fee award for any fees and costs incurred thereafter. The District Court also denied Rader's motion for disqualification pursuant to 28 U.S.C. § 455. Rader had sought to disqualify Judge Stark based on the fact that he has an on-line savings account with ING Bank, one of the defendants in Rader's lawsuits.

Rader has filed a petition for a writ of mandamus seeking our review of the denial of his motion for disqualification. We may review a district court's denial of a motion for disqualification pursuant to § 455 on appeal from a final judgment or on interlocutory review through a mandamus petition. In re School Asbestos Litig., 977 F.2d 764, 777-78 (3d Cir. 1992). However, mandamus relief is unavailable when a petitioner has another adequate means to attain the desired relief. Id. at 772. Mandamus also may not be used as a substitute for appeal. Id.

2

Here, the District Court has entered a final judgment in the underlying action and Rader may seek review of the denial of his motion for disqualification in an appeal from the judgment. Because Rader has another adequate means to attain the desired relief, mandamus relief is not available. Rader may not use mandamus as a substitute for appeal.

Accordingly, we will deny the petition for a writ of mandamus.